UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK ATHEY,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 13-cv-12528
Hon. Matthew F. Leitman

## ORDER OVERRULING PLAINTIFF'S OBJECTION (ECF #20); ADOPTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #19); GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #16); AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #12)

This matter is before the Court on the Objection by Plaintiff Mark Athey ("Athey") to Magistrate Judge Mona K. Majzoub's August 6, 2014, Report and Recommendation. The Court now **OVERRULES** Athey's Objection (the "Objection," ECF #20); **ADOPTS IN PART** the Report and Recommendation (the "R&R," ECF #19); **GRANTS** Defendant Commissioner of Social Security's (the "Commissioner's") Motion for Summary Judgment (ECF #16); and **DENIES** Athey's Motion for Summary Judgment (ECF #12).

## PROCEDURAL HISTORY

Athey filed an application for Social Security disability insurance benefits on October 22, 2010, alleging that he was unable to work due to various physical ailments (including back pain and asthma) and mental impairments (including anxiety and depression). (*See* Application for Disability Insurance Benefits, ECF #8-5 at 2, Pg. ID 167; Function Report, ECF #8-6 at 2-9, Pg. ID 182-189.) In support of his application, Athey submitted an opinion from his treating psychiatrist, Dr. Cherukuri. In a two-page, check-box questionnaire, Dr. Cherukuri indicated that Athey suffered from four limitations: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; and (4) repeated episodes of decompensation, each of extended duration. (*See* the "Impairment Checklist," ECF #8-7 at 497-98, Pg. ID 529-30.)

On February 9, 2012, Administrative Law Judge Craig R. Petersen (the "ALJ") denied Athey's application for benefits. (*See* the "ALJ's Decision," ECF #8-2.) The ALJ found that (1) Athey's impairments did not meet or medically equal the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1; (2) Athey had residual functional capacity to perform light work, with certain restrictions; (3) there were jobs in significant numbers in the national

economy that Athey could perform; and (4) Athey therefore was not disabled. (*See id.* at 4-13, Pg. ID 49-58.)

In reaching his conclusion, the ALJ gave only partial weight to Dr. Cherukuri's opinion. (*See id.* at 6, Pg. ID 51.) The ALJ stated that:

> The undersigned has given Dr. Cherukuri's opinion *some weight* regarding the nature and persistence of [Athey's] depressive symptoms. However, the record does not support the degree of limitation reported…. In particular, as noted above, there is no evidence of any episode of decompensation during the relevant period.

(*Id.*) (emphasis added). The ALJ also explained that the record indicated that Athey had only a "mild restriction" with respect to activities of daily living and "moderate difficulties" in social functioning and concentration, persistence, or pace. (*Id.* at 5-6, Pg. ID 50-51.)

Athey filed this action challenging the Commissioner's denial of benefits. (*See* Complaint, ECF #1.) Athey then moved for summary judgment on the grounds that the ALJ erred by failing to give controlling weight to Dr. Cherukuri's opinion. (*See* Athey's Motion, ECF #12.) The Commissioner filed a cross-motion for summary judgment. (*See* the Commissioner's Motion, ECF #16.)

On August 6, 2014, the Magistrate Judge issued her R&R in which she suggested that the ALJ erred by failing to provide good reasons for giving Dr. Cherukuri's opinion less than controlling weight. (*See* R&R at 17, Pg. ID 609.) However, the Magistrate Judge also suggested that (1) Dr. Cherukuri's opinion was

3

patently deficient because it consisted solely of checkmarks, without any supporting explanation, and (2) the ALJ's failure to explain the weight afforded to Dr. Cherukuri's opinion was therefore harmless error. (*See id.* at 17-18, Pg. ID 609-10.) Accordingly, the Magistrate Judge recommended that this Court affirm the ALJ's Decision. (*See id.* at 18, Pg. ID 610.)

Athey then filed his Objection to the R&R. (*See* Objection.) Athey objects on only one ground: that Dr. Cherukuri's opinion was not patently deficient. (*See id.* at 2, Pg. ID 613.) Athey requests that this Court remand the instant action to the Commissioner "to determine if the opinion is well supported." (*Id.*) The Commissioner responded that substantial evidence supported the ALJ's denial of benefits and that the Court should therefore affirm the ALJ's Decision. (*See* the Commissioner's Response, ECF#21.)

## **GOVERNING LEGAL STANDARD**

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. *See* Fed. R. Civ. P. 72(b); *Lyons v. Comm'r*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). "In conducting a *de novo* review, the district court is not constrained by the parties' objections" – rather, the Court may review the Report and Recommendation in its entirety. *See Childrey v. Chater*, 91 F.3d 143 at n. 1 (6th Cir. 1996) (table opinion) (citing *Thomas v. Arn*, 474 U.S. 140, 154 (1985)).

In reviewing the findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive..."). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers*, 486 F.3d at 247. "[A] court is obligated to remand for further administrative proceedings if there are any unresolved essential factual issues." *Meehleder v. Comm'r*, 2012 WL 3154968, at *2 (E.D. Mich. Aug. 2, 2012) (citing *Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994)).

## **ANALYSIS**

An ALJ must grant "controlling weight" to the opinion of a claimant's treating physician where "(1) the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) the opinion is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Comm'r*, 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 CFR 404.1527(c)(2))

5

(internal punctuation omitted). If the opinion of a treating physician is not entitled to controlling weight, the ALJ must consider certain factors in determining the weight to give to the opinion. *See* 20 CFR 404.1527(c)(2). These factors include the "length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); *see also* 20 CFR 404.1527(c)(2).

The ALJ must provide "good reasons" for giving a treating physician's opinion less than controlling weight. *Gayheart*, 710 F.3d at 376 (citing 20 CFR 404.1527(c)(2)). "These reasons must be supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* (quoting Soc. Sec. Rul. No. 96-2p). If the ALJ does not provide "good reasons" for discounting a treating physician's opinion, a district court may affirm the ALJ's decision only if it finds the error harmless. *See Francis v. Comm'r of Soc. Sec.*, 414 Fed. App'x 802, 804 (6th Cir. 2001) (citing *Wilson*, 378 F.3d at 546-47).

In this case, the ALJ did not err in his evaluation of Dr. Cherukuri's opinion. Indeed, the ALJ *did* provide good reasons for according only "some weight" –

6

rather than controlling weight – to that opinion. (ALJ's Decision at 6, Pg. ID 51.) In particular, the ALJ explained that "the record does not support the degree of limitation" that Dr. Cherukuri reported. (*Id.*) The ALJ specifically addressed each of the four limitations that Dr. Cherukuri identified and explained that the record, taken as a whole, did not establish that Athey experienced "marked" restrictions:

- The ALJ found that Athey had only a "mild restriction" in activities of daily living. The ALJ noted that the record "contains no evidence of psychiatric hospitalizations, emotional liability, or psychomotor agitation," and the "claimant's treating mental health professionals have consistently noted good hygiene and grooming." (*Id.* at 5, Pg. ID 50.)

- The ALJ found that Athey had only "moderate difficulties" in social functioning. The ALJ noted that Athey "has never been hospitalized for anxiety-related symptoms;" that Athey told Dr. Cherukuri in November 2011 that "his panic attacks generally did not interfere with his functioning;" and that "none of [Athey's] clinicians has observed overt signs of anxiety on mental status examination." (*Id.*)

- The ALJ found that Athey had only "moderate difficulties" with concentration, persistence, or pace. The ALJ noted that Dr. Cherukuri reported during a psychiatric evaluation in June 2011 that Athey exhibited "generally normal memory, and no evidence of distractibility or impulsivity," and "the record reflects general improvement in [Athey's] mental symptoms with counseling and medication." (*Id.* at 6, Pg. ID 51.)

- The ALJ found that Athey "has experienced no episodes of decompensation, which have been of extended duration." The ALJ noted that Athey "has never been psychiatrically hospitalized." (*Id.*)

Thus, the ALJ cited specific evidence justifying his conclusions that Athey did not suffer from the "marked" limitations that Dr. Cherukuri identified.

7

Athey correctly asserts that the ALJ did not expressly discuss this evidence in the paragraph of the decision in which he concluded that Dr. Cherukuri's opinion was not entitled to controlling weight.[1] (*See* Athey's Motion at 7, Pg. ID 551.) However, the ALJ discussed this evidence in the section of the decision *immediately preceding* his assessment of Dr. Cherukuri's opinion. (*See* ALJ Decision at 5-6, Pg. ID 50-51.) Furthermore, the Court reads the ALJ's statement that "the record does not support the degree of limitation reported" – the key justification that the ALJ provided for discounting Dr. Cherukuri's opinion – as referring to the evidence that the ALJ had *just* cited in support of his conclusion that Athey experienced only "mild" or "moderate" restrictions. (*Id.* at 6, Pg. ID 51.)

---

[1] The paragraph of the ALJ's Decision in which the ALJ assigned "some weight" to Dr. Cherukuri's opinion read, in full:

> In January 2012, Dr. Cherukuri reported that [Athey] had a depressive syndrome characterized by anhedonia, appetite disturbance, sleep disturbance, difficulty concentrating, and hallucination[s], among other symptoms. (Ex. 17F/2). Additionally, Dr. Cherukuri observed that the claimant's depression cause[d] marked limitations in activities of daily living, social functioning, and concentration persistence, or pace, along with repeated episodes of decompensation (Ex. 17F/3). The undersigned has given Dr. Cherukuri's opinion *some weight* regarding the nature and persistence of [Athey's] depressive symptoms. However, the record does not support the degree of limitation reported with respect to the "paragraph B" criteria. In particular, as noted above, there is no evidence of any episode of decompensation during the relevant period.

(ALJ Decision at 6, Pg. ID 51)

Read as a whole, therefore, the ALJ's Decision leaves no doubt that the ALJ found Dr. Cherukuri's opinion to be "inconsistent with the other substantial evidence in the case record." *Gayheart*, 710 F.3d at 376; *see also Gates v. Colvin*, No. 12-cv-00220, 2013 WL 3087268 at *13 (S.D. Ohio June 18, 2013) ("it is proper to read the ALJ's decision as a whole) (quoting *Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004)).  Furthermore, the ALJ appears to have considered the factors in 20 CFR 404.1527(c)(2) – in particular, he noted that Dr. Cherukuri specialized in psychiatry, and he found that Dr. Cherukuri's opinion was not fully supportable.[2] (*See* ALJ's Decision at 5-6, Pg. ID 50-51.)  Moreover, as described above, the ALJ provided good reasons for his decision that were supported by evidence in the record.  Accordingly, the ALJ satisfied his obligation to "make clear to … subsequent reviewers" why he did not give Dr. Cherukuri's opinion controlling weight. *Gayheart*, 710 F.3d at 376.

Because the Court concludes that the ALJ did not err by failing to provide good reasons for assigning less than controlling weight to Dr. Cherukuri's opinion, the Court need not address the Magistrate Judge's suggestion that the ALJ's

---

[2] Although the ALJ did not address some of the factors in 20 CFR 404.1527(c)(2) – including the length and nature of Athey's treating relationship with Dr. Cherukuri – the ALJ nonetheless provided sufficient reasons for discounting Dr. Cherukuri's opinion. *See Francis*, 414 Fed. App'x at 802 ("Although the regulations instruct an ALJ to consider the[] factors [in 20 CFR 404.1527(c)(2)], they expressly require only that the ALJ's decision include 'good reasons … for the weight give[n] [to the] treating source's opinion' – *not an exhaustive factor-by-factor analysis*") (emphasis added).

9

purported error was harmless. The Court will adopt the Magistrate Judge's R&R to the extent that it recommends affirming the ALJ's Decision.

## CONCLUSION

For all of the reasons stated above, **IT IS HEREBY ORDERD THAT** the Court **OVERRULES** Athey's Objection (ECF #20) and **ADOPTS IN PART** the R&R (ECF #19).

**IT IS FURTHER ORDERED THAT** the Commissioner's Motion for Summary Judgment (ECF #16) is **GRANTED** and Athey's Motion for Summary Judgment (ECF #12) is **DENIED**.

**IT IS FURTHER ORDERED THAT** this action is **DISMISSED WITH PREJUDICE**.

                                                s/Matthew F. Leitman
                                                MATTHEW F. LEITMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: September 11, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 11, 2014, by electronic means and/or ordinary mail.

                                                s/Holly A. Monda
                                                Case Manager
                                                (313) 234-5113